IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDREW WEISS,

           Plaintiff,           **ECF**

   - against -

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK                      **COMPLAINT**

           Defendant.

---

Plaintiff, ANDREW WEISS, by and through his attorneys, FRANKEL & NEWFIELD, P.C. as and for his Complaint against Defendant CIGNA LIFE INSURANCE COMPANY OF NEW YORK ("CLICNY"), hereby sets forth the following:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff ANDREW WEISS, was and still is a resident of the State of New York.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CLICNY is a publicly owned life insurance company and a corporation organized and existing under the laws of the State of New York.

## JURISDICTION AND VENUE

3. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant resides in this judicial district, and because Defendant conducts business and is subject to personal

jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Salomon Smith Barney, employed as a Branch Manager.

7. During Mr. Weiss' employment with Salomon Smith Barney, Defendant CLICNY issued to Salomon Smith Barney a long term group disability income policy NYK0002260 (hereinafter the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Salomon Smith Barney employees in exchange for the payment of premiums by Salomon Smith Barney and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CLICNY.

10. Said policy issued by CLICNY provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. On or about March 24, 1997, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

12. As of this date, Plaintiff continues to be disabled in that he is unable to perform **all** of the essential duties of his occupation due to his sickness or injury.

13. Plaintiff's disability is caused by Retinitis Pigmentosa and the restrictions and limitations associated with this condition.

14. Plaintiff has been deemed disabled by the Social Security Administration as of March 24, 1997. Such a finding was made that Plaintiff could not work in any job.

15. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with CLICNY.

16. At all times, Plaintiff provided proof of loss to CLICNY demonstrating the inability to perform the duties of his occupation, and provided sufficient medical evidence to support his inability to perform the duties of his occupation, as that term is defined in the policy.

17. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

18. CLICNY initially accepted liability on Plaintiff's claim by letter dated June 19, 1997, and benefits were issued for over ten (10) years.

19. On July 27, 2007, CLICNY issued a letter to Plaintiff terminating his claim for further long term disability benefits, effective July 26, 2007.

20. Plaintiff filed his Appeal for continuation of his benefits pursuant to the terms of the plan and the proscriptions of ERISA.

21. Plaintiff's appeal offered further support for his continued eligibility for benefits, consisting of further medical evidence, subjective information regarding his functional limitations, and additional support for his claim.

22. By letter dated February 29, 2008, Defendant CLICNY issued a decision upholding its previous claim determination and refusing to accept further liability of Plaintiff's claim.

23. Despite Plaintiff's continued total disability, Defendant has denied benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

24. Said refusal on the part of Defendant CLICNY is a willful and wrongful breach of the policy terms and conditions.

25. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CLICNY with the passage of each month.

26. Defendant CLICNY is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

27. Defendant CLICNY's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to consider the impact of his condition on his ability to perform all of the regular duties of his occupation, the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of his occupation, the refusal to consider Plaintiff's credible subjective complaints on his ability to work, and the reliance upon a selective review of medical records to reach a result oriented claim determination.

28. Defendant CLICNY's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

29. Defendant CLICNY's claim handling failed to provide Plaintiff with a full and fair review of his claim.

30. Defendant CLICNY's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CLICNY's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

31. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

32. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

33. The Court's review of this action is *De Novo*.

**WHEREFORE**, Plaintiff ANDREW WEISS prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform the material and substantial duties of his occupation.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

    d)    Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

    e)    Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

    f)    Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

    g)    Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       March 21, 2008

By: _____
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 312
Garden City, New York 11530

Attorneys for Plaintiff