UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANDREW WEISS,                                               :

                      Plaintiff,         :         08-cv-2989 (CLB) (MDF)

       - against -                           :

CIGNA LIFE INSURANCE COMPANY OF NEW      :         **ANSWER**
YORK,
                                              :
                    Defendants.

                                              :

------------------------------------------------------------x

       Defendant CIGNA Life Insurance Company of New York (CLICNY), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to Plaintiff's Complaint, responds as follows:

## THE PARTIES

1.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in paragraph "1" of the Complaint.

2.     Defendant denies the allegations in paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

3.     Defendant admits the allegations in paragraph "3" of the Complaint.

4.     Defendant admits the allegations in paragraph "4" of the Complaint.

5.     Defendant admits the allegations in paragraph "5" of the Complaint.

## FACTS

6.     Defendant admits the allegations in paragraph "6" of the Complaint.

7.     Defendant admits the allegations in paragraph "7" of the Complaint.

8. Defendant admits the allegations in paragraph "8" of the Complaint.

9. Defendant admits the allegations in paragraph "9" of the Complaint.

10. Defendant neither admits nor denies the allegations in paragraph "10" of the Complaint but refers the Court to the policy provisions referenced, which provisions are the best evidence of their contents.

11. Defendant admits the allegations in paragraph "11" of the Complaint.

12. Defendant denies the allegations in paragraph "12" of the Complaint.

13. Defendant denies the allegations in paragraph "13" of the Complaint.

14. Defendant admits the allegations in paragraph "14" of the Complaint to the extent that Plaintiff received a fully favorable decision from the Social Security Administration, entitling him to a period of disability commencing on March 24, 1997, but refers the Court to the referenced decision, the findings of which are the best evidence of its content.

15. Defendant admits the allegations in paragraph "15" of the Complaint.

16. Defendant denies the allegations in paragraph "16" of the Complaint.

17. Defendant denies the allegations in paragraph "17" of the Complaint.

18. Defendant admits the allegations in paragraph "18" of the Complaint to the extent that CLICNY approved Plaintiff's claim for disability benefits on June 19, 1997, and paid benefits to Plaintiff through August 2007.

19. Defendant admits the allegations in paragraph "19" of the Complaint.

20. Defendant denies the allegations in paragraph "20" of the Complaint.

21. Defendant denies the allegations in paragraph "21" of the Complaint.

22. Defendant admits the allegations in paragraph "22" of the Complaint to the extent that by letter dated February 29, 2008, CLICNY denied Plaintiff's claim on appeal and upheld its original termination of long-term disability benefits.

23. Defendant denies the allegations in paragraph "23" of the Complaint.

24. Defendant denies the allegations in paragraph "24" of the Complaint.

25. Defendant denies the allegations in paragraph "25" of the Complaint.

26. Defendant denies the allegations in paragraph "26" of the Complaint.

27. Defendant denies the allegations in paragraph "27" of the Complaint.

28. Defendant denies the allegations in paragraph "28" of the Complaint.

29. Defendant denies the allegations in paragraph "29" of the Complaint.

30. Defendant denies the allegations in paragraph "30" of the Complaint.

31. Defendant admits the allegations in paragraph "31" of the Complaint.

32. Defendant denies the allegations in paragraph "32" of the Complaint.

33. Defendant denies the allegations in paragraph "33" of the Complaint.

a) Defendant denies that Plaintiff is entitled to the specific relief alleged in paragraph "a" of the Complaint.

b) Defendant denies that Plaintiff is entitled to the specific relief alleged in paragraph "b" of the Complaint.

c) Defendant denies that Plaintiff is entitled to the specific relief alleged in paragraph "c" of the Complaint.

d) Defendant denies that Plaintiff is entitled to the relief alleged in paragraph "d" of the Complaint.

e)  Defendant denies that Plaintiff is entitled to the relief alleged in paragraph "e" of the Complaint.

f)  Defendant denies that Plaintiff is entitled to the relief alleged in paragraph "f" of the Complaint.

g)  Defendant denies that Plaintiff is entitled to the relief alleged in paragraph "g" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The causes of action set forth in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan or policy applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of the plan or policy.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious, or unreasonable manner, or in a manner that would amount to an abuse of discretion.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff may have breached other terms and conditions of the plan or policy issued by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that this Court were to determine that Plaintiff is entitled to long-term disability benefits under the subject plan or policy, Plaintiff's claims are subject to the doctrines of setoff and recoupment to the extent that he is receiving or has received other benefits which qualify as other income benefits under the plan or policy and reduce the amount of any long-term disability benefit payable to him under the plan or policy.

Dated:   White Plains, New York
         May 5, 2008

                                            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                     By:    /s/ Matthew D. Donovan
                                            Matthew D. Donovan (MD 2940)
                                            Fred. N. Knopf (FNK 4625)
                                            3 Gannett Drive
                                            White Plains, NY 10604
                                            Phone (914) 323-7000
                                            Facsimile (914) 323-7001

1970874.1

## CERTIFICATE OF SERVICE

I certify that on May 5, 2008, a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Matthew D. Donovan
Matthew D. Donovan (MD 2940)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001

1970874.1